IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWIGHT E. LACY,

    Plaintiff,   No. CIV S-08-0868 FCD DAD P

  vs.

S. HUBBARD, et al.,

    Defendants.   <u>ORDER</u>
_____/

    On April 23, 2008, defendants removed this action from state court under 28 U.S.C. § 1441. Defendants have filed a motion, requesting that the court screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Under 42 U.S.C. § 1997e(g), they have waived their right to reply to the complaint at this time.

    Title 28 U.S.C. § 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In plaintiff's original complaint, as well as in his recently-filed amended complaint, plaintiff appears to claim that defendants have violated his rights under the Eighth Amendment and

/////

1

Fourteenth Amendment. Because plaintiff is alleging a violation of his federal constitutional rights, defendants have properly removed this action from state court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to avoid dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

/////

1 plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his amended complaint, plaintiff has identified as defendants Suzan Hubbard, L. Jensen, J. Kett, J.L. Pulsipher, G. Powe, and Officer Thorton. At all times mentioned in plaintiff's amended complaint, the defendants appear to have been employed at the California Medical Facility.

/////

1        Plaintiff alleges that, on December 10, 2006, he was on the dayroom floor when
2   he was attacked by a fellow inmate and beaten.  Plaintiff further alleges that defendant Thorton
3   was on duty when the attack took place but failed to investigate, collect statements, or report any
4   findings to his supervisor about the incident.  Plaintiff alleges that, after the attack took place, a
5   report was eventually forwarded to the Investigative Services Unit ("I.S.U."), headed by
6   defendants Pulsipher and Powe.  Plaintiff alleges that these two defendants failed to objectively
7   investigate the attack and falsified documents to ensure that criminal charges would be filed by
8   the Solano County District Attorney against plaintiff.
9        Plaintiff alleges that, on or about December 13, 2006, he appeared before
10  defendant Kett regarding a segregation order.  Plaintiff alleges that he informed defendant Kett of
11  the underlying facts of the attack, but defendant Kett failed to conduct his own investigation
12  about the cause of plaintiff's injuries.  As a result, plaintiff claims that he was assigned to and
13  confined in segregated housing.  Plaintiff alleges that he advised defendant Hubbard of his
14  housing problems during an institutional classification hearing, however, she did nothing to
15  address his concerns.
16       Finally, plaintiff alleges that after the Solano County District Attorney dismissed
17  the attack-related charges against him, defendant Jensen delayed his release from segregated
18  housing.  Plaintiff also alleges that, had defendant Jensen complied with his mandatory duty to
19  review files of inmates confined in segregated housing, plaintiff would not have been subject to
20  I.S.U. submitting false information to the Solano County District Attorney.
21       Plaintiff concludes that defendants Jensen, Pulsipher and Powe violated his
22  constitutional rights under the Eighth and Fourteenth Amendments and that all defendants were
23  negligent and violated state law.  Plaintiff requests general damages in the amount of $250,000.
24       The allegations in plaintiff's amended complaint are so vague and conclusory that
25  the court is unable to determine whether the current action is frivolous or fails to state a claim for
26  relief.  The amended complaint does not contain a short and plain statement as required by Fed.

R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), his amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff files a second amended complaint, he is advised that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). Plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

To the extent plaintiff is attempting to pursue a claim that any of the defendants failed to protect him, he is advised that the Supreme Court has held that a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id. at 834.

/////

1  In addition, if plaintiff elects to proceed with this action by filing a second amended complaint, he is advised that generally, prison classifications do not give rise to a federal liberty interest. <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976)). In addition, although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995). Thus, it is well-established that inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility. See <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.") Thus, allegations of a deprivation of rights caused by prison officials' decisions regarding a prisoner's place of confinement or housing assignments do not give rise to a federal constitutional claim under the Fourteenth Amendment. See <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569 (1972).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in plaintiff's second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

Also before the court are several requests from plaintiff. First, plaintiff has filed a motion for an extension of time to serve defendants with a summons and complaint, together with a motion asking the court to direct the Clerk of the Court to make copies of his complaint so that he can timely effect service. Plaintiff is advised that he will not be required to complete service of process upon any unserved defendants himself if he opts to proceed in forma pauperis in this action. Although plaintiff is not responsible for paying the filing fee, which has been paid by the defendants who removed this action, the court will provide plaintiff with the opportunity to file an in forma pauperis application.[1] If plaintiff demonstrates that he is entitled to in forma pauperis status, and the court determines upon screening his second amended complaint that he has stated colorable claims as to any defendants, the court will direct the United States Marshal to serve process upon any unserved defendant on plaintiff's behalf. Otherwise, pursuant to Rule 4 of the Federal Rules of Civil Procedure, plaintiff will be required to complete service of process upon any unserved defendants himself.

Plaintiff has also filed a motion for default judgment against defendant Kaplan. Plaintiff's motion has been rendered moot because he has since filed an amended complaint, which supersedes his original complaint, and he has not identified Kaplan as a defendant in this action. Moreover, plaintiff's motion is in error because the court has not yet ordered service of plaintiff's complaint on any defendant. As a result, no responsive pleading is currently due.

Third, plaintiff has filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary

/////

---

[1] Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

1  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017
2  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
3        The test for exceptional circumstances requires the court to evaluate the plaintiff's
4  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
5  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
6  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
7  common to most prisoners, such as lack of legal education and limited law library access, do not
8  establish exceptional circumstances that would warrant a request for voluntary assistance of
9  counsel.  In the present case, the court does not find the required exceptional circumstances.
10        Finally, plaintiff has filed two requests asking the court to assist him with service
11  of defendants and to order the United States Marshal to serve his summons and complaint on
12  defendants.  As noted above, if plaintiff demonstrates that he is entitled to in forma pauperis
13  status, and the court determines upon screening his second amended complaint that he has stated
14  colorable claims as to any defendants, the court will direct the United States Marshal to serve
15  process upon any unserved defendant on plaintiff's behalf.
16        Accordingly, IT IS HEREBY ORDERED that:
17        1. Defendants' April 23, 2008 motion to screen the complaint is granted;
18        2. Plaintiff's complaint is dismissed;
19        3. Plaintiff is granted thirty days from the date of service of this order to file a
20  second amended complaint that complies with the requirements of the Civil Rights Act, the
21  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
22  must bear the docket number assigned to this case and must be labeled "Second Amended
23  Complaint"; failure to file a second amended complaint in accordance with this order will result
24  in a recommendation that this action be dismissed without prejudice;
25  /////
26  /////

4. If plaintiff elects to proceed in forma pauperis, plaintiff shall submit within thirty days from the date of this order a properly completed application to proceed in forma pauperis on the form provided with this order;

5. Plaintiff's May 6, 2008 motions (Docket Nos. 8 & 9) and May 7, 2008 and May 22, 2008 requests related to service of process upon defendants are denied. If plaintiff demonstrates that he is entitled to in forma pauperis status, and the court determines upon screening his second amended complaint that he has stated colorable claims as to any defendants, the court will direct the United States Marshal to serve process upon any unserved defendant on plaintiff's behalf;

6. Plaintiff's May 6, 2008 motion for default judgment is denied;

7. Plaintiff's May 23, 2008 motion for appointment of counsel is denied; and

8. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.

DATED: July 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lacy0868.14