1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| DWIGHT E. LACY,<br><br>        Plaintiff,<br><br>  v.<br><br>L. JENSEN, G. POWE, J. L. PULSIPHER, and OFFICER THORTON,<br><br>        Defendants. | NO. CV-08-0868-EFS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO SUBMIT DOCUMENTS** |

    Before the Court is *pro se* Plaintiff Dwight E. Lacy's Second Amended Complaint, alleging various constitutional violations under 42 U.S.C. § 1983. (Ct. Rec. 24.) Under the Prisoner Litigation Reform Act of 1995, the Court is required to screen complaints relating to prison incidents seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief are properly dismissed. *Id.* §§ 1915A(b)(1), (2) & 1915(e)(2).

    After review, the Court finds the complaint states plausible 42 U.S.C. § 1983 Fourteenth Amendment procedural and substantive due process

ORDER * 1

claims and an Eighth Amendment cruel and unusual punishment claim. However, after considering "the values of economy, convenience, fairness, and comity," the Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). Therefore, Defendants need only answer the allegations contained in the Second Amended Complaint (Ct. Rec. 24) - not the Supplemental State Law Claim (Ct. Rec. 25).

Plaintiff requests that the Court order the U.S. Marshals Service to serve the complaint and summons on Defendants. The Court grants such relief pursuant to Federal Rule of Civil Procedure 4(c)(3).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motions for U.S. Marshals Service to Serve Defendants **(Ct. Recs. 29 & 30)** are **GRANTED**.

2. Service is appropriate on Defendants L. Jensen, G. Powe, J.L. Pusipher, and Officer Thorton.

3. The Clerk of Court shall immediately send Plaintiff a USM-285 form for each Defendant to be served, as well as a summons, instruction sheet, and a copy of the second amended complaint (Ct. Rec. 24).

4. Within **forty-five (45) days** from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

    a. The completed Notice of Submission of Documents;
    b. One completed summons;
    c. One completed USM-285 form for each Defendant listed in paragraph 1 above; and

ORDER * 2

        d.   Five copies of the second amended complaint.

    5.   Plaintiff need not attempt service on Defendants and need not request waiver of service.  After receiving the above-described documents, the Court will issue a separate Order requiring the U.S. Marshals to serve each Defendant listed in paragraph 1.

    6.   The Court cautions Plaintiff that failing to submit the above-described documents within **forty-five (45) days** will be construed as permission to **dismiss this lawsuit** under Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and the U.S. Marshals Service.

**DATED** this  4th   day of August 2009.


                                      s/ Edward F. Shea
                                      EDWARD F. SHEA
                              United States District Judge

C:\WINDOWS\Temp\notes101AA1\ed.ca.08.0868.serve.wpd

ORDER * 3